ALLEN v. STATE.

Opinion delivered December 7, 1901.

FORMER CONVICTION—SUFFICIENCY OF EVIDENCE.—On a prosecution in the circuit court for assault with intent to kill, a plea of former conviction of assault and battery for the same offense in a mayor's court is not sustained by a transcript from such court reciting that defendant was charged with assault and battery, and that he was found guilty of violating a certain ordinance, if there was no proof of what the ordinance was.

Appeal from Howard Circuit Court.

WILL P. FEAZEL, Judge.

Affirmed.

STATEMENT BY THE COURT.

Wade Allen was indicted in the Howard circuit court for the crime of assault with intent to kill, made upon Joe Meeks. The defendant entered a plea of not guilty, and also one of former conviction. To sustain his plea of former conviction, he introduced a transcript of the following judgment rendered by the mayor of the town of Nashville:

"*Town of Nashville* v. *Wade Allen*: On this, the 3d day of July, 1900, comes the defendant into court under arrest by D. A. Gibson, city marshal, charging him with the offense of an assault and battery on the person of one Joe Meeks, and the defendant, being advised of the charge against him, and the law in such cases pertaining, pleads guilty. The court, after hearing the testimony of witness Milburn Reese, together with what the court saw that the defendant did, finds that said defendant is guilty of violating ordinance number 25 of said town. It is therefore by the court considered, ordered and adjudged that the defendant pay to the town of Nashville a fine of ten dollars for said offense, and all costs in this suit expended. Given under my hand as mayor this 3d day of July, 1900. "J. T. SUTTON, Mayor."

The transcript from the circuit court recites that, after the evidence was all in, the circuit court, on motion of the prosecuting attorney, "dismissed the defendant's plea of former conviction, and instructed the jury not to consider the same."

The jury thereupon found the defendant guilty of an assault and battery, and assessed his punishment at a fine of sixty-five dollars, and judgment was rendered accordingly. The defendant appealed.

*D. B. Sain,* for appellant.

The conviction in mayor's court was a bar to this proceeding. Act 1891; 56 Ark. 347; Act February 19, 1897.

*George W. Murphy,* for appellee.

The plea of former conviction was not sufficient. 54 Ark. 227.

RIDDICK, J., (after stating the facts.) The defendant was convicted of an assault and battery upon one Joe Meeks. He makes on this appeal no complaint that either the indictment or the evidence was insufficient to warrant the judgment, and only contends that his plea of former conviction should have been sustained. But, if we assume that the plea of former conviction was sufficient in form, still the transcript of the judgment in the mayor's court, introduced in evidence, upon which defendant relies to support his plea, does not show that the defendant was convicted of an assault and battery in the mayor's court. After reciting that defendant was arrested and charged by the city marshal with that offense, it states that "the court, after hearing the testimony of witness Milburn Reese, together with what the court saw that the defendant did, finds the defendant is guilty of violating ordinance number 25 of said town." Then follows a judgment imposing a fine of ten dollars. In other words, the transcript shows that the defendant was fined ten dollars for violating ordinance number 25 of the town of Nashville, but there is nothing to show what that ordinance was. We may, of course, surmise that, as the defendant was arrested for an assault and battery, and pleaded guilty to the charge, the judgment of conviction was for that offense. But, if this was so, the mayor should have been required to amend his docket entry so as to reflect the facts, or ordinance number 25 should have been proved. As the docket was neither amended or the ordinance proved, we are not able to say from the record that the defendant was convicted and fined for an assault and battery in the mayor's court, or that the circuit court erred in rejecting the plea of former conviction. The judgment of the circuit court must therefore be affirmed. It is so ordered.